# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMANTHA BRITTINGHAM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELMAR PIZZA & PASTA | ) | |
| RESTAURANT, INC. | ) | C.A. No. S22A-11-004 MHC |
| | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

Submitted: February 13, 2023
Decided: February 22, 2023

*On the Decision of the Unemployment Insurance Appeals Board*, **AFFIRMED**.

Samantha Brittingham, *Pro Se Appellant*.

Victoria E. Groff, Esquire, Assistant Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for Appellee Unemployment Insurance Appeal Board*.

Victoria W. Counihan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for Delaware Division of Unemployment Insurance*.

James D. Griffin, Esquire, Parkowski Guerke & Swayze, Rehoboth Beach, Delaware, *Attorney for Appellee Delmar Pizza and Pasta Restaurant, Inc.*

**Conner, J.**

This 22ⁿᵈ day of February 2023, upon consideration of the appeal of Samantha Brittingham ("Brittingham") from the decision of the Unemployment Insurance Appeal Board (the "Board"), it appears to the Court that:

**Factual and Procedural History**

1. On March 15, 2020, Brittingham filed for unemployment benefits due to a reduction in hours. Brittingham remained employed by Delmar Pizza & Pasta Restaurant Inc. (the "employer") when she filed this claim.

2. On May 20, 2022, a Claims Deputy issued a decision regarding Brittingham's eligibility for benefits. The Claims Deputy found that Brittingham was disqualified from receiving benefits for a period of one year due to making "a false statement or representation knowing it to be false or knowingly has failed to disclose a material fact to obtain benefits to which the individual was not lawfully entitled . . . ."[1] Brittingham reported $2,621.00 in wages for the weeks ending April 4, 2020, through December 26, 2020, and May 8, 2021, through May 22, 2021, while her employer reported $6,893.54 in wages for the same time frames.[2] The Claims Deputy further supported their findings by referencing the Division of Unemployment Insurance Claimant Handbook

---

[1] 19 *Del. C.* § 3314(6). *See also* Unemployment Insurance Appeals Board Tr. of Records at 68-69.

[2] Unemployment Insurance Appeals Board Tr. of Records at 68.

1

that Brittingham certified she read when filing her claim.[3] Lastly, Brittingham provided paystubs from the timeframes in question to the Claims Deputy for review. Upon review, the paystubs were consistent with the wages reported by the employer, not Brittingham.[4]

3. Brittingham appealed the Claims Deputy's decision and a telephonic hearing was scheduled to take place in front of an Appeals Referee on July 12, 2022. Brittingham did not attend the telephonic hearing. The Appeals Referee issued a decision affirming the decision of the Claims Deputy and dismissing the appeal due to Brittingham not appearing.[5] Brittingham appealed the dismissal and the Board remanded the case back to the Appeals Referee.[6] Another telephonic hearing was scheduled for August 17, 2022. Again, Brittingham did not appear to prosecute the appeal. The Appeals Referee affirmed the decision of the Claims Deputy and dismissed the appeal.[7] Proper notice was sent to Brittingham regarding both of the telephonic hearings. Additionally, the notice also informed Brittingham that "[i]f the appealing party fails to appear for the hearing, the case will be dismissed. . . ."[8]

---

[3] The Handbook contained information regarding fraudulent reporting and subsequent consequences. *Id.*
[4] *Id.*
[5] *Id* at 39.
[6] *Id.* at 35.
[7] *Id.* at 31.
[8] *Id.* at 34.

4. Brittingham appealed the decision of the Appeals Referee to the Board. The Board denied any further review and affirmed the decision of the Appeals Referee.[9] The Board concluded, with the support of case law, that it has the power to manage its own caseload which includes keeping a busy docket moving.[10] Brittingham was given an opportunity to prosecute her appeal twice and failed to do so. The Board found Brittingham did not justify her failure to appear.[11]

**Standard of Review**

5. The Court's appellate review is limited to determining whether the Board's findings and conclusions are supported by substantial evidence and free from legal error.[12] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[13] Discretionary decisions of the Board will be upheld unless the Board "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[14] The Court may not weigh

---

[9] *Id.* at 24-25.

[10] *Id.* at 25. *See also Irish Hunt Farms, Inc. v. Stafford*, 2000 WL 972656 (Del. Super. Apr. 28, 2000); *Tesla Industries, Inc. v. Bhatt*, 2007 WL 2028460 (Del. Super. June 28, 2007).

[11] Unemployment Insurance Appeals Board Tr. of Records at 25.

[12] *Toribio v. Peninsula United Methodist Homes, Inc.*, 2009 WL 153871, at *2 (Del. Super. Jan. 23, 2009).

[13] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[14] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000).

3

evidence, decide questions of credibility, or engage in fact-finding upon review of the Board's decision.[15]

**Discussion**

6. 19 *Del. C.* § 3322(a) permits judicial review of a Board decision "only after any party claiming to be aggrieved thereby has exhausted all administrative remedies . . . ." This statutory mandate requires all administrative agency remedies to be exhausted before the Court will act.[16] The administrative process must be completed before this Court may review the appealing party's claim.[17]

7. This Court has previously found it lacks jurisdiction to address the merits of an administrative appeal when a party fails to exhaust its administrative remedies. In *Griffin v. Daimler Chrysler*, this Court did not exercise jurisdiction over a claimant's UIAB appeal because the claimant had failed to appear before the Board, meaning the Board had not addressed the merits of the case.[18] Additionally, the claimant did not argue there was any potential abuse of discretion by the Board when it dismissed his appeal.[19] Therefore, by

---

[15] *Toribio*, 2009 WL 153871, at *2.
[16] *Miller v. Hersha Hospitality*, 2013 WL 2296307, at *1 (Del. Super. Apr. 17, 2013) (citing *Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *1 (Del. Super. Apr. 27, 2001)).
[17] *Id.*
[18] *Griffin,* 2000 WL 33309877, at *1.
[19] *Id.* at *2.

failing to appear at the Board hearing, the Board determined the claimant forfeited his right to appeal the merits of the case.[20]

8. Here, the Court finds it lacks jurisdiction to address the merits of Brittingham's case. The Board did not address the merits of the case because Brittingham failed to appear, although given notice, before the Appeals Referee twice. Furthermore, in Brittingham's Opening Brief before this Court she does not address an abuse of discretion on the part of the Board for affirming the dismissal of her appeal. Instead, Brittingham attempts to argue the merits of her appeal. In Brittingham's Reply Brief, she contends she called into the Appeals Referee Hearings but was unable to connect. However, the Board did "not find that Claimant has shown justification for her failure to appear twice before the Referee."[21]

9. Pursuant to 19 *Del. C.* § 3322(a), judicial review of Brittingham's appeal is not permitted because she failed to present the merits of her case before the Appeals Referee, and therefore has failed to exhaust her administrative remedies. Similar to *Cain v. Unemployment Insurance Appeal Board*, Brittingham was provided an earlier remand of which she did not take

---

[20] *Id.*

[21] Unemployment Insurance Appeals Board Tr. of Records at 25.

5

advantage.[22] Additionally, the Board did not abuse its discretion by affirming the Appeals Referee's decision denying any further review of the appeal. The Board is entitled to keep its caseload moving efficiently.

## Conclusion

10. This Court lacks jurisdiction to address the merits of Brittingham's case. Brittingham failed to exhaust her administrative remedies and the Board, in its' discretion, appropriately affirmed the Appeals Referee's decision, dismissing the appeal and denying any further review. Accordingly, the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary

---

[22] *E.g. Cain v. Unemployment Insurance Appeal Board*, 2014 WL 595207 (Del. Super. Jan. 10, 2014).